## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMY TERRY (#341991)** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-190-SDD-EWD** |
| **CAROLYN MOORE** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 1, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMY TERRY (#341991)                                CIVIL ACTION NO.

VERSUS                                             20-190-SDD-EWD

CAROLYN MOORE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of Amy Terry ("Plaintiff"), a prisoner representing herself, who is confined at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, that supplemental jurisdiction over any state law claims be denied, and that this case be closed.

### I.  Background

Plaintiff instituted this action pursuant to 42 U.S.C. § 1983 against Carolyn Moore ("Defendant") alleging Defendant was deliberately indifferent to Plaintiff's serious medical needs by failing to change Plaintiff's thyroid medication.[2] Plaintiff seeks monetary relief.[3]

### II.  Law & Analysis

#### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 4.
[3] R. Doc. 1, p. 5.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also

---

[4] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 6, 2020 and was relieved of her obligation to pay the initial partial filing fee until funds were available, so both statutes apply. R. Doc. 3.
[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Plaintiff has Not Stated a Claim for Deliberate Indifference

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must show "subjective recklessness as used in the criminal law."[13] *Farmer* lays out both an objective prong and a subjective prong.[14] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[15] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[16] Whether the plaintiff has received the treatment or accommodation that she believes she should have is not sufficient to state a claim for deliberate indifference absent exceptional circumstances.[17] Even negligence, neglect, unsuccessful treatment, or medical malpractice, will not generally give rise to a § 1983 cause of action for deliberate medical indifference.[18] Rather, the deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[19]

Plaintiff complains that Defendant failed to adjust her thyroid medications despite laboratory results demonstrating "High TSH levels" and that this led to tachycardia (accelerated

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[14] *Id*. at 837.
[15] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[16] *Id.*
[17] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[18] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[19] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

3

heart rate).[20]  Defendant's failure to adjust Plaintiff's thyroid medication amounts to a disagreement regarding treatment, which is not an adequate basis for a claim of deliberate medical indifference.[21]  "A disagreement of opinion as to the effectiveness of a medication and/or the correct dosage does not constitute an actionable civil rights claim."[22]  This is because diagnosis and treatment decisions are classic examples of matters best left to the medical judgment of health care professionals.[23]  Further, Plaintiff has failed to plead any facts that indicate the Defendant had the subjective state of mind required for a claim of deliberate indifference.  "In order to rise to the level of a constitutional violation, a defendant's actions must reflect a degree of wantonness tantamount to knowing willingness that the plaintiff will be harmed by the conduct."[24]  While Plaintiff is obviously frustrated because she believes Defendant ignored her complaints and treated her improperly by failing to adjust the thyroid medication, the fact that Plaintiff claims Defendant told her the complaints were "bunk"[25] indicates that Defendant did not agree the treatment was incorrect.[26]  This is not an allegation that amounts to a knowing willingness that Plaintiff would be harmed by the conduct.

As Plaintiff's claim for deliberate medical indifference fails both the objective and subjective prongs of *Farmer*, her § 1983 claim should be dismissed.

---

[20] R. Doc. 1, p. 4.
[21] *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir 1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977); *Howard v. Langston*, No. 12-250, 2012 WL 4322524, at *5 (E.D. Tex. Sept. 20, 2012) (noting that even an incorrect prescription change amounts to nothing more than negligence or medical malpractice, neither of which is cognizable in a § 1983 suit).
[22] *Boutte v. Bowers*, No. 01-1084, 2001 WL 1041761, at *4 (N.D. Tex. Aug. 30, 2001) (dismissing as frivolous a claim that a defendant refused to examine the plaintiff and change his blood pressure medication for almost three months, although the plaintiff repeatedly complained of adverse effects and ineffectiveness of the medication).
[23] *Gobert*, 463 F.3d at 346.
[24] *Boutte*, 2001 WL 1041761, at 3.
[25] R. Doc. 1, p. 4.
[26] *See Evans v. City of Dallas*, No. 16-561, 2017 WL 958607, at **4 & 6 (N.D. Tex. March 13, 2017) (dismissing deliberate indifference claim where plaintiffs had failed to plead facts from which the court could infer that the defendants had subjective knowledge of a substantial risk of serious harm).

### C. The Exercise of Supplemental Jurisdiction Should Be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[27] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

### D. Plaintiff Should Not Be Given Leave to Further Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[28] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[29] Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[30]

Plaintiff's Complaint is easy to comprehend. The allegations are clear that Plaintiff believes Defendant was deliberately indifferent to a serious medical need in failing to adjust Plaintiff's thyroid medication despite receiving test results that demonstrated "High TSH levels." As this is a difference of opinion regarding proper medical treatment, any amendment consistent with these facts would result in an inability to state a federal claim. For that reason, notwithstanding

---

[27] 28 U.S.C. § 1367.
[28] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[29] *Id.*
[30] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

that Plaintiff has not yet had an opportunity to amend her Complaint, denial is recommended, should Plaintiff seek leave to amend.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that all federal claims be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[31]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on July 1, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."